IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR294 |
| | ) | |
| v. | ) | |
| | ) | |
| LYNN C. BOWERS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This matter is before the Court on defendant's motion filed pursuant to Title 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 183). In defendant's motion, he has raised three grounds in support of his motion. In Ground 1, he claims he was denied due process of law in violation of the Fifth Amendment to the United States Constitution when the prosecutor obtained Bowers' conviction through the knowing use of false testimony. In Ground 2, he claims he was denied due process of law in violation of the Fifth Amendment to the United States Constitution when the prosecutor obtained the enhancement of Bowers' sentence through the knowing use of false testimony. Ground 3 claims that he was denied the right to keep and bear arms in violation of the Second Amendment to the United States Constitution when the district court enhanced his offense level by two levels, based on his possession of a firearm, without finding that the firearm was possessed for a purpose other than self-defense.

Under date of October 14, 2008, defendant filed a brief in support of his motion.  In that brief, he states that after a thorough review of the trial transcript and the relevant necessary legal authorities, he has concluded that he is unable to make the legal showing required under *Giglio v. United States*, 405 U.S. 150 (1972), and therefore, he is not submitting any brief or further showing in support of Grounds 1 and 2 of his motion.  For these reasons, the Court will move directly to a consideration of Ground 3 and find that defendant has abandoned Grounds 1 and 2.

Ground 3 raises the question of the application of the recent decision of the United States Supreme Court in the *District of Columbia, et al., v. Heller*, 554 U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).  It is his contention that the enhancement of his offense level based upon possession of a weapon in connection with the crime charged violates the Second Amendment as that has now been construed by the United States Supreme Court.  However, the Supreme Court in its opinion stated:

> Like most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.  *See, e.g., Sheldon*, in 5 Blume 346; Rawle 123; Pomeroy 152-153; Abbott 333.  For example, the majority of

> the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. *See, e.g., State v. Chandler*, 5 La. Ann., at 489-490; *Nunn v. State*, 1 Ga., at 251; see generally 2 Kent *340, n.2; The American Students' Blackstone 84, n. 11 (G. Chase ed. 1884). Although we do not undertake an exhaustive historical analyses today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. FN26
>
> FN26. We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive.

128 S.Ct. 2816-17.

Nothing in the *Heller* decision prohibits the Court from considering possession of a gun in connection with another crime in determining what the appropriate sentence for the offense conduct should be. The United States Sentencing Guidelines in this situation primarily provide that possession of a handgun in connection with a drug crime is a factor which the Court may consider in determining an appropriate sentence. Whether the gun was legally owned or illegally obtained is not the issue. Even

if the defendant had a permit for the ownership of this gun, it would not prohibit the Court from considering the possession of that gun in connection with the crime charged in fashioning an appropriate sentence for the defendant.  For these reasons, defendant's motion will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court