IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR294 |
| | ) | |
| v. | ) | |
| | ) | |
| LYNN C. BOWERS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant Lynn Bower's notice of appeal and application for certificate of appealability (Filing No. 204). Bower seeks a certificate of appealability pursuant to Fed. R. App. P. 22(b)(1), which states in part that:

> In a . . . § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under . . . § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.

Among other things, 28 U.S.C. § 2253(c) states that "[t]he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required . . . ." 28 U.S.C. § 2253(c)(3). Section (c)(2) requires "a substantial showing of the denial of a constitutional right."

Bower asserts that his rights under the Second Amendment of the United States Constitution were violated when the Court sentenced him within the range of the applicable United States Sentencing Guideline.  Bower argues that "by placing the burden of proof on the defendant, the Sentencing Guidelines run afoul of the Second Amendment.  Reasonable jurists could find it debatable that, in light of *Heller*, the Government must show a 'connection' between the gun and the criminal conduct for which sentencing is imposed."  (Filing No. 204, at 3.)  Last term, the Supreme Court of the United States decided *District of Columbia v. Heller*, 554 U.S. ___, 128 S.Ct. 2783 (2008), which held, *inter alia*, that the Second Amendment confers an individual right to keep and bear arms.  *Heller*, 554 U.S. at ___, 128 S.Ct. at 2799.  However, it is not a debatable question, as Bower suggests, whether this makes the Sentencing Guidelines' enhancements for gun possession in connection with criminal activity unconstitutional.[1]

Bower's argument is based upon U.S.S.G. § 2D1.1(b)(1), which states that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by 2 levels."  The

---

[1] Citizens may well have a personal right to possess firearms, but "[l]ike most rights, the right secured by the Second Amendment is not unlimited."  *Heller*, 554 U.S. at ___, 128 S.Ct. at 2816.  Among the limitations on the right to keep and bear arms is that citizens do not have a right to use them in connection with criminal activity.  It cannot be seriously argued otherwise.

application notes state that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.  For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."  U.S. Sentencing Guidelines Manual § 2D1.1 n.3.  Bower argues that this application note violates the Second Amendment by impermissibly placing the burden of disproving a connection between the weapon and the offense on the defendant.  The flaw in this argument, however, is not that Bower has read *Heller* incorrectly, but that he misunderstands the burden of proof at sentencing.

The government must prove facts enhancing a criminal sentence by a preponderance of the evidence.  *See, e.g.*, *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004).  The presence of a gun in proximity to drugs, for example, is evidence of a nexus between the two.  It is to the weight this evidence should be given that the application note speaks, not to which party has the burden of proof.  Thus, in a case where a gun is found in close proximity to contraband and the defendant offers no evidence that the two were unrelated, it is clear that the gun is in fact possessed "in connection with another crime."  Where, as here, there is some evidence that the weapon shares a nexus with another crime and some evidence that it does not, the Court

must balance all the facts and circumstances in arriving at an appropriate sentence.  In this case, upon weighing all the evidence, the Court found that it was more likely true than not true that Bower possessed a weapon in connection with his crime and therefore it increased the offense level by two.  Nothing in *Heller* changes this result.  Therefore, Bower has not made a substantial showing of the denial of a constitutional right, and his application for a certificate of appealability should be denied.  A separate order will be entered in accordance with this memorandum opinion.

    DATED this 7th day of April, 2009.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court